# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDRE LAWRENCE, ) | |
| ) | |
| Petitioner, ) | Case No. 09 CV 6797 |
| ) | |
| v. ) | Wayne R. Andersen |
| ) | District Judge |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the petition of Andre Lawrence ("Petitioner" or "Lawrence"), as a prisoner in federal custody, for a writ of habeas corpus to correct his sentence pursuant to 28 U.S.C. §2255. Lawrence argues that he received ineffective assistance of counsel in that his attorney (1) failed to challenge his criminal history category and (2) failed to timely move to dismiss a count of the indictment. For the reasons set forth below, the petition is granted.

## BACKGROUND

On July 16, 2002, Lawrence was charged with the following counts in a multi-count indictment: (Count 1) conspiring to distribute and possess with intent to distribute controlled substances within 1000 feet of an elementary school, in violation of 21 U.S.C. §§ 841(a)(1), 860(a), 846; (Count 39) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924 (c)(1)(A) and (B); and (Count 40) possessing a firearm while being a felon, in violation of 18 U.S.C. §922(g)(1). A jury trial began on September 16, 2003. In the government's opening statement, the government's attorney mentioned two guns that were found during a search of Lawrence's house. The attorney stated, "those guns make up the charges of

Andre Lawrence being a felon in possession and using a gun in furtherance of a drug crime." (Government's Resp. at 2 (citing Tr. 50).)

On November 5, 2003, the government moved to dismiss Count 40, possessing a firearm while being a felon, in violation of 18 U.S.C. §922(g)(1), against Lawrence. On December 1, 2003, defense counsel moved for a mistrial due to the government's reference to Lawrence's status as a felon in opening statement. (Government's Resp. at 3 (citing Tr. 5611).) The Court denied that motion. *Id*.

On December 18, 2003, a jury found Lawrence guilty of both Count 1 and Count 39. Lawrence then filed a Motion for a New Trial on February 10, 2004, alleging errors including the government's reference in their opening statement to his status as a felon. On June 29, 2005, this Court denied the motion for a new trial. This Court noted that "the one brief mention" of a previous felony conviction "was not discussed again and was not raised in closing argument" and that it was "fanciful to believe that in course of [a] three-and-a-half month trial the one reference to defendant Andre Lawrence's felon status affected the outcome of the case." (Government's Resp. at 4 (citing Tr. (6/29/05) 24).)

On May 6, 2004, the government submitted its version of the offense and stated its position that Lawrence's criminal history category was I based on a January 1995 conviction for possession of a controlled substance. (Government's Resp. at 4.) In the Presentence Investigation Report ("PSR"), the probation officer determined that Lawrence's criminal history category was III, based on (1) an April 1990 finding of delinquency in the Juvenile Court of Cook County for retail theft, (2) a June 1990 finding of delinquency in the Juvenile Court of Cook County for aggravated battery, (3) a January 1995 conviction for possession of a controlled substance that was referenced in the government's May 6, 2004 version of the offense, and (4) a finding that the

2

defendant committed the instant offense while under probation from the January 1995 conviction.  PSR at 8-9.

On May 12, 2005, June 21, 2005, and August 29, 2005 Petitioner, along with several co-defendants, filed motions challenging several aspects of the jury's findings and to bar application of enhanced penalties pursuant to 21 U.S.C. § 851.  (Government's Resp. at 5.)

On September 5, 2005, Petitioner filed a sentencing memorandum.  (Dkt. 898 in case 02 CR 200).  In that memorandum, he noted the disagreement between the government's position that his criminal history category was I and the probation officer's position in the PSR that his criminal history category was III.  *Id*. at 3. He stated his position that his criminal history category should be I, which would result in a range of less than 360 months.  *Id*. at 5.

Petitioner was sentenced on September 19, 2005.  The Court determined that it would "stand by the level 40, criminal history III" but then gave a below-Guideline sentence of 300 months imprisonment on the drug conspiracy conviction and a consecutive 60 months imprisonment on the gun charge because the Court found that Lawrence was "somewhat less involved in the conspiracy than the other codefendants." Tr. (9/19/05) 63-65.  The Court also stated that "the criminal history category of III correctly computed is not reflective of past violent crimes." *Id*. at 66.

Lawrence filed a timely notice of appeal on September 26, 2005.  He joined his co-defendants in filing a joint brief on sentencing issues in which he argued that he and his co-defendants' Sixth Amendment rights were violated and challenged the sufficiency of the evidence supporting his conviction on Count 39 (the gun charge).  He did not raise the issue that the Court erred in calculating his criminal history category or Guideline range, nor did he argue that the Court erred in not declaring a mistrial based on the government's reference in opening

statements to his status as a felon. The Seventh Circuit affirmed Petitioner's conviction and sentence on March 24, 2008. *See United States v. Seymour*, 519 F.3d 700 (7th Cir. 2008).

Lawrence filed the instant petition on October 27, 2009. In his petition, Lawrence claims that he is entitled to relief due to the alleged ineffectiveness of his counsel. Specifically, Lawrence argues that his attorney: (1) failed to challenge his criminal history category at sentencing; and (2) failed to move to dismiss Count 40, the 18 U.S.C. § 922(g) (felon in possession) charges in his indictment. Based on these allegations, Lawrence requests that the court vacate, set aside, or correct his sentence.

## **STANDARD OF REVIEW UNDER 28 U.S.C. § 2255**

The federal habeas corpus statute, 28 U.S.C. § 2255, provides that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

The court should grant a hearing on the issues raised in the petition unless the respondent demonstrates conclusively that the petitioner is not entitled to any form of relief. 28 U.S.C. § 2255. The court must grant a hearing if the habeas petition "alleges facts that, if proven, would entitle" the petitioner to relief. *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994) (citing *Pittman v. Warden, Pontiac Correctional Ctr.*, 960 F.2d 688, 691 (7th Cir. 1992)). The petitioner must make specific, detailed allegations in order to qualify for a hearing; conclusory statements are insufficient. *See Daniels v. United States*, 54 F.3d 290, 293-94 (7th Cir. 1995). Petitions filed by pro se petitioners will be held to a more liberal standard than those filed by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Even

under this more liberal standard, however, no hearing is required if the record conclusively demonstrates that the petitioner is not entitled to any form of relief. *Daniels*, 54 F.3d at 293.

## ANALYSIS

Lawrence claims that he is entitled to relief due to the alleged ineffectiveness of his counsel in violation of his Sixth Amendment rights. Ineffective assistance of counsel claims are examined under the two-pronged test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). This general test focuses on "the legal profession's maintenance of standards" rather than a critique of counsel's performance. *Id*. at 688. The petitioner must meet both prongs of the *Strickland* test or the claim fails. *Id*. at 687.

The first prong, the performance prong, examines whether counsel's defense meets the standard of "reasonably effective assistance." *Id*. To satisfy this prong, the petitioner must affirmatively demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. In making this determination, the court is to give a high level of deference to counsel because it is all too easy in hindsight, after the petitioner has lost his case, to find that counsel's lack of success fell below the level of representation required by counsel to provide. *Id*. at 689. The petitioner must provide clear evidence, in the form of specific acts or omissions, to overcome this presumption. *Id*. at 689-90. The court must view the facts that the petitioner presents from the perspective of counsel at the time of the conduct alleged to be inadequate. *Id*. at 689.

The second prong, the prejudice prong, examines whether counsel's act or omission had an adverse effect on the defense. *Id*. at 692. This prong protects against the situation where counsel may have acted unreasonably but the unreasonable act or omission did not prejudice the petitioner's defense. *Id*. at 691-92. To satisfy this prong, the petitioner must affirmatively

demonstrate the prejudice that resulted, and must further demonstrate that there is a "reasonable probability" that his attorney's acts or omissions affected the outcome. *Id*. at 693-94. The court should make this determination in light of the totality of the evidence. *Id*. at 695.

   **A. Failure to Challenge Criminal History Category**

Lawrence's first ineffective assistance of counsel claim is that his attorney failed to challenge his criminal history category at his sentencing. Specifically he claims that his attorney did not challenge the inclusion of two juvenile offenses and also another enhancement that was based on a determination that he was on probation when he commenced the instant offense, when in fact, he did not become involved with the conspiracy until after his probation concluded.

Lawrence claims, and the government agrees, that two criminal-history points were assigned to him in error. *See* Govt. Resp. Mot. Under 28 U.S.C. §2255, at 13-14 ("the government recognizes that the record does not indicate that petitioner [joined the conspiracy] within five years of his juvenile adjudications or of his release from the sentence of confinement for them"... nor does the record "indicate that defendant joined the conspiracy while serving [a] probationary sentence.").

Lawrence's attorney did argue that his 1995 conviction should not be counted for purposes of either his criminal history calculation or whether enhanced penalties applied. He also argued in his sentencing memorandum that he was a criminal history category I, not III. However, Lawrence's attorney did not raise any disagreement specifically with the probation officer's determination that defendant commenced the instant offense "no later than in or about 1994," when, in fact, Petitioner did not become personally involved in the overall conspiracy until later. The government concedes that "the court should grant the petition regarding Petitioner's sentence if it determines that petitioner suffered prejudice from the miscalculation of

6

his criminal history." (Government's Resp. at 11.) Therefore, we turn to the second prong of the *Strickland* test in order to determine whether this omission by Lawrence's counsel had "an adverse effect" on Lawrence. *See Strickland*, 466 U.S. at 692.

The second prong of the *Strickland* test requires an examination of whether counsel's act or omission had an adverse effect on the defense. *Id*. at 692. Because of counsel's error, petitioner was incorrectly categorized as a Criminal History category III, rather than category I. This resulted in his sentencing guideline range being incorrectly determined to be 360 months to life imprisonment, rather than the correct range of 292 to 324 months. This Court concludes that a different sentence may have been imposed if the correct guideline range had been established. Therefore, Lawrence has met his burden of demonstrating that there is a "reasonable probability" that his attorney's acts or omissions affected the outcome. *Strickland*, 466 U.S. at 693-94.

**B.        Failure to Move to Dismiss 18 U.S.C. §922(g) Charge (Felon in Possession)**

Lawrence's second ineffective assistance of counsel claim is that his attorney failed to timely move to dismiss the 18 U.S.C. §922(g) charge in his indictment. In the indictment filed against Petitioner, he was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g). In fact however, Lawrence's only qualifying prior conviction was expunged in 1996. Consequently, after the jury trial began, the government made a motion to drop the charge, which the Court granted. Petitioner argues that his trial attorney was unreasonable for failing to move to dismiss this count before trial, and that he was prejudiced as a result of the government's reference to him as a "felon" during its opening statement.

Petitioner did not suffer any prejudice as a result of this situation. The only mention that the jury heard of felony status was during the government's opening statement. This Court already determined, when denying the petitioner's motion for a mistrial, that it is "fanciful to

7

believe that in course of [a] three-and-a-half month trial the one reference to defendant Andre Lawrence's felon status affected the outcome of the case." (Government's Resp. at 11 (citing Tr. (6/29/05) 24).) Since Petitioner did not suffer any prejudice, we need not address whether counsel's representation was reasonable in this regard.

## **CONCLUSION**

For the foregoing reasons, Lawrence's petition is granted with respect to his trial attorney's failure to challenge his criminal history category. It is hereby ordered that his criminal case (02 CR 200-22) be re-opened for the purposes of conducting a new sentencing hearing.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: May 5, 2010